UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER WIROWEK, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>AMAZON.COM, INC., et al.,<br><br>    Defendants. | Case No. 24-cv-06795-VC   (KAW)<br><br>**ORDER REGARDING 11/19/2025 DISCOVERY LETTER**<br><br>Re: Dkt. No. 48<br><br>[Discovery Letter No. 3] |

On November 19, 2025, the parties filed a joint letter regarding a second deposition of Defendant Amazon.com, Inc. (Discovery Letter, Dkt. No. 48.) Plaintiff seeks to depose Defendant on 77 ladders that Plaintiff believes are the same as the subject ladder at issue in this case. (*Id.* at 7.) In support, Plaintiff states it purchased four of the 77 ladders and tested them, finding that the four ladders shared the same design, dimensions, materials, and "defectively thin aluminum telescoping rails as the subject ladder." (*Id.*)

With respect to the four ladders that were tested, the Court finds that Plaintiff has made a sufficient showing for discovery purposes to suggest that the ladders may be the same product as the subject ladder. In particular, the ladders appear to have the same defect, as Plaintiff asserts that he was injured when "the rails of the [subject ladder] buckled and bent in between two rungs," causing him to fall. (Third Amend. Compl. ¶ 23, Dkt. No. 25.) Thus, it is no longer as speculative that the ladders are the same product, such that discovery is permissible.

As to the other 73 ladders, however, Plaintiff has still made no showing that they are the same product. Thus, Plaintiff has not carried his burden of establishing that he is entitled to this discovery.

Defendant makes a number of arguments for why the second deposition should not be

1 permitted.  First, Defendant argues that discovery on other products is irrelevant in this case.

2 (Discovery Letter at 5.)  Plaintiff, however, is arguing that the four ladders are the same product

3 based on the test results.  Second, Defendant argues that the discovery request is overly

4 burdensome because the new topics cover four general areas for 77 different products, or

5 effectively 308 subtopics.  (*Id.*)  As the Court is limiting the deposition to the four ladders that

6 were tested, the discovery request is significantly less burdensome and expansive.  Finally,

7 Defendant contends that Plaintiff is only entitled to one deposition of Defendant, such that leave

8 of court is required.  (*Id.* at 6.)  Courts have raised some skepticism as to whether leave of court is

9 required for a second deposition of an entity, as "[t]he prime objective of the one-deposition

10 provision in Rule 30(a) is to guard against imposing burdens on an individual deponent.  An

11 organizational party subject to a Rule 30(b)(6) notice may designate whomever it chooses -- or

12 several different people -- to testify.  As a result, the likelihood of the sort of imposition the rule

13 guards against is quite small."  *M.D. v. Cty. of San Bernardino*, No. 5:22-cv-01357-SP, 2025 U.S.

14 Dist. LEXIS 53262, at *7 (C.D. Cal. Feb. 10, 2025) (internal quotation omitted); *see also Roe v.

15 Frito-Lay, Inc.*, Case No. 14-cv-751-HSG (KAW), 2016 U.S. Dist. LEXIS 56240, at *5-6 (N.D.

16 Cal. Apr. 26, 2016) (explaining that "Rule 30(b)(6) depositions are different from depositions of

17 individuals" and permitting a second 30(b)(6) deposition that was not "unreasonably cumulative

18 or duplicative").  In any case, the Court gives leave for Plaintiff to conduct a second deposition of

19 Defendant for the reasons stated above.

20 Accordingly, the Court permits the second 30(b)(6) deposition, which will be limited to the

21 four ladders that were tested.

22 This order disposes of Dkt. No. 48.

23 IT IS SO ORDERED.

24 Dated: December 2, 2025

_____
KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California

2