UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER WIROWEK, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., et al.,<br><br>Defendants. | Case No. 24-cv-06795-VC (KAW)<br><br>**ORDER REGARDING 1/16/2026 DISCOVERY LETTER**<br><br>Re: Dkt. No. 68<br><br>[Discovery Letter No. 4] |

On January 16, 2026, the parties filed a joint discovery letter concerning Defendant Amazon's request for records from Dr. David Olmstead, Plaintiff's therapist during a prior lawsuit against the City of San Francisco. (Discovery Letter at 4, Dkt. No. 68.)

Defendant argues that Dr. Olmstead's records should be produced because they go to whether his emotional distress and lost wages are the result of his allegedly wrongful termination that is the subject of his prior lawsuit or the fall from the ladder that is the subject of the instant lawsuit. (Discovery Letter at 4.) Plaintiff, in turn, objects based on privilege, including psychotherapist-patient privilege, attorney-client privilege, and the spousal communication privilege. (*Id.* at 6.)

As an initial matter, the parties dispute whether Plaintiff objected at all. Defendant asserts that Plaintiff did not object, yet acknowledges that Plaintiff raised privilege objections on November 24, 2025. (Discovery Letter at 2, 4.) Plaintiff, in turn, admits that he did not object when he initially responded to the discovery requests in April 2025, but explains that counsel was unaware that Dr. Olmstead's records existed at the time. (*Id.* at 7.) It was not until October 12, 2025 that Defendant informed Plaintiff's counsel of Dr. Olmstead's involvement in the prior lawsuit against San Francisco. (*Id.* at 2.) Plaintiff's counsel received the records from Dr.

Olmstead on November 21 and then raised his objections on November 24.  (*Id.* at 2.)

Recognizing the delay, Plaintiff argues that the Court should find there is good cause to excuse Plaintiff for failing to timely object. (Discovery Letter at 7.)  "Unlike Rule 33 (dealing with interrogatories), Rule 34 (dealing with requests for production) does not provide for an express waiver -- or 'good cause' excuse -- for the failure to timely respond to requests for production.  *Gosain v. Seto*, No. 18-cv-06343-HSG (LB), 2022 U.S. Dist. LEXIS 119252, at *19 (N.D. Cal. July 5, 2022).  Courts, however, have explained that generally, the failure to object or timely respond to discovery requests constitutes a waiver of objections.  *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992).  Thus, "some courts have read into Rule 34 the discretion granted under Rule 33(b)(4) (dealing with interrogatories) to excuse untimely objections to requests for production."  *Gosain*, 2022 U.S. Dist. LEXIS 119525, at *19 (internal quotation omitted).

Curiously, Defendant makes no argument that the good cause standard does not apply in this case.  There is no dispute that Plaintiff's counsel was unaware of Dr. Olmstead's records, or that Plaintiff made his privilege objections only a few days after receiving the records.  There is no suggestion that Plaintiff acted in bad faith or that Defendant would be prejudiced by the delay.  Further, Defendant does not dispute that the privileges apply in this case; indeed, Defendant does not address privilege at all in the discovery letter.

Under these circumstances, the Court finds that good cause exists for the delay in asserting privilege.  As Defendant does not respond to Plaintiff's assertion of privilege -- and it is not the Court's responsibility to craft arguments for Defendant -- the Court also finds that the psychotherapist-patient, attorney-client, and spousal communication privileges apply, such that production of Dr. Olmstead's records is not required.

This order disposes of Dkt. No. 68.

IT IS SO ORDERED.

Dated: January 26, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge