United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER WIROWEK,
Plaintiff,
v.
AMAZON.COM, INC., et al.,
Defendants.

Case No. 24-cv-06795-VC (KAW)

**ORDER REGARDING 7/20/2026 AND 7/23/2026 DISCOVERY LETTERS**

Re: Dkt. Nos. 117, 119, 120

[Discovery Letter Nos. 5-7]

Plaintiff filed the instant case against Defendants, alleging that he was injured while using a ladder that was purchased on Defendant Amazon's website ("subject ladder"). (Fourth Amend. Compl. ("4AC") ¶¶ 14-15, Dkt. No. 109.) On June 4, 2026, the presiding judge permitted Plaintiff to file an amended complaint seeking punitive damages, as Plaintiff asserted that he had "evidence that ladders similar to the ladder at issue are sold under many different seller profiles on Amazon," as well as "evidence of complaints about the safety of these ladders." (Amend. Compl. Order at 1, Dkt. No. 106.) As to Plaintiff's request to reopen discovery, the presiding judge concluded that "[t]he scope of discovery that [Plaintiff] seeks is overbroad," except that Plaintiff "should be able to get all communications, including customer complaints, about these types of telescoping ladders coming from China, and he should be able to get a 30(b)(6) deposition on the same topic." (*Id.* at 2-3.)

Now pending before the Court are (1) the July 20, 2026 discovery letter regarding the scope of a 30(b)(6) deposition, (2) the July 23, 2026 discovery letter regarding Plaintiff's interrogatories, and (3) the July 23, 2026 discovery letter regarding Plaintiff's requests for production ("RFPs"). (Discovery Letter re Deposition, Dkt. No. 117; Discovery Letter re Interrogatories, Dkt. No. 119; Discovery Letter re RFPs, Dkt. No. 120.)

As an initial matter, the Court observes that the discovery letters regarding the 30(b)(6) deposition topics and RFPs fail to comply with the Court's standing order. The Court requires that discovery letters comply with a specific format, namely: (1) reproducing the request for discovery, (2) stating the position of the party seeking production, and (3) stating the position of the party resisting production. (*See* Judge Westmore Standing Order ¶ 14(d).) Here, in contrast, the parties address multiple discovery requests at a time, despite the requests being markedly different. For example, the parties address RFP Nos. 37 (requesting product identification numbers), 38 (requesting complaints), 39-40 (requesting Heartbeat System data), 41 (requesting Andon Cord pull records), 42 (requesting communications with sellers), 44 (requesting communications with the United States Consumer Product Safety Commission), 48 (requesting criteria used by the Heartbeat System), and 51 (requesting risk assessments) together, forcing the Court to pick through a tangle of arguments to determine which argument applies to which discovery request. This is not the Court's job; it is the party's responsibility to explain the basis (or lack thereof) for each discovery request. Accordingly, the Court cannot determine whether the specific deposition topics and RFPs are appropriate. Instead, the Court will address the overarching issue of the scope of discovery and offer guidance as appropriate for the parties' anticipated meet and confer.

**A. Discovery Letter re 30(b)(6) Deposition**

As an initial matter, the Court observes that the parties filed this discovery letter at 4:53 p.m. on July 20, 2026 regarding a deposition scheduled for July 21, 2026. It is unclear to the Court why the parties believed that this gave the Court sufficient time to resolve the discovery letter.[1]

**i. Deposition Date**

The parties dispute whether the deposition should proceed on July 21, 2026. Given that the parties failed to provide the Court with adequate time to resolve the dispute, that issue is moot. In any case, given that Defendant stated that its counsel was unavailable on July 21, 2026, the Court would not have been inclined to require a deposition on that date.

[1] The Court's public calendar also included a notice of unavailability for July 20-24, 2026.

That said, it appears Defendant has not been cooperative in scheduling the deposition. Plaintiff states that it first requested Defendant's availability for a deposition on June 10, 2026, but that Defendant never responded. (Discovery Letter re Deposition at 2.) After receiving no response, Plaintiff served a deposition notice on June 30, 2026 for July 21, 2026. (*Id.*) Defendant does not dispute that it failed to respond to Plaintiff's June 10, 2026 letter. Instead, Defendant asserts that it had not yet identified a witness and therefore could not provide any availability. (*Id.* at 1.) Yet Defendant also does not dispute that it never *informed* Plaintiff of this fact. (*Id.* at 2.) Defendant cannot simply ignore a request for its availability for weeks, only to then complain that Plaintiff proceeded to notice the deposition.

Accordingly, Defendant is ORDERED to provide its availability for a deposition within **seven days** of the date of this order. The parties shall then meet and confer to choose a date that is convenient to both parties.

**ii. Scope of Discovery -- "Covered Ladders"**

Next, the parties dispute the scope of discovery throughout all of the discovery letters. Namely, Plaintiff's discovery requests seek particular information regarding "Covered Ladders," which Plaintiff defines as: "ALL telescoping ladders described as 8M, or 26ft. or 26.2 ft in length coming from China that were listed, offered for sale, sold, or fulfilled by or through Amazon.com's marketplace at any time from January 1, 2000 to the present." (*See* Discovery Letter re Deposition Exh. A at 2.)

The Court finds that Plaintiff has failed to demonstrate that this request is proportionate to the needs of the case. As Defendant points out, Plaintiff's definition of "Covered Ladders" "sweeps in an indeterminate number of products across over 26 years of marketplace activity." (Discovery Letter re Deposition at 3.) This could easily be thousands of products; indeed, the Court notes that in a prior discovery dispute where Plaintiff sought discovery on "exemplar" or "materially identical" ladders, Plaintiff's definition would have resulted in more than **7,000** results. (*See* Dkt. No. 45 at 2.) To require discovery as to over 7,000 products (potentially more given the 26-year scope) would be an extraordinary burden, particularly given that this case ultimately concerns the sale of a single ladder.

Plaintiff argues that the presiding judge found that discovery on "these types of telescoping ladders" was permissible. (Discovery Letter re Depositions at 4.) It is not, however, apparent to this Court that the presiding judge meant to open up discovery to every telescoping ladder from China that was sold in the past 26 years, particularly when the presiding judge also found that Plaintiff's proposed discovery -- which likewise sought information on "all 26 ft telescoping ladders originating from China ever sold on Amazon.com" -- to be overbroad. (*See* Dkt. No. 85-1; Amend. Compl. Order at 2.)

Accordingly, the Court finds that the appropriate starting point should be the operative complaint. There, Plaintiff justified the request for punitive damages by pointing to approximately 75 ladders that he identified as being comparable to the subject ladder, arguing that these ladders "expose[] the true scope of the complains and therein Amazon's historical notice of defect, which is hard evidence of Amazon's oppressive and malicious behavior." (*See* 4AC ¶¶ 30-40, 55.) Thus, the Court will define "Covered Ladders" as those identified by Plaintiff in the operative complaint. This definition shall apply to all of Plaintiff's discovery requests. To the extent Defendant complains that these identified ladders may be "metallurgically" or "structurally" different, the presiding judge appears to have rejected that argument. (*See* Dkt. No. 102 (5/21/26 Hearing Tr.) at 36:14-22.)

**B. Deposition Topics**

As noted above, the Court is not able to address whether each specific deposition topic is appropriate, particularly as Plaintiff does not justify each request. As a more general matter, however, the parties dispute whether Plaintiff may seek "policies, practices, and decision-making." (Discovery Letter re Depositions at 3, 4.) Defendant argues that such requests fall outside communications or complaints. (*Id.* at 3.) Plaintiff, in turn, simply asserts that communications "naturally includes evidence of Amazon's policies, practices, and decision making on these topics." (*Id.* at 4.)

Again, Plaintiff has not met his burden of showing that requests for policies, practices, and decision-making are proportionate to the needs of this case. Ultimately, Plaintiff argues that he is seeking discovery regarding "how Amazon decision makers reacted to communications regarding

United States District Court
Northern District of California

the defective ladders in the context of the punitive damages amendment." (Discovery Letter re Depositions at 4.) In other words, the theory of punitive damages is that Defendant sold numerous ladders that had similar defects, had notice of such defects, yet continued to sell the ladders regardless. Thus, it is not apparent how policies, practices, and decision-making that was not in response to complaints would be relevant, particularly if such policy, practice, or decision predated any complaint.

**C. Discovery Letter re Interrogatories**

Interrogatory No. 23 requests that Defendant identify all complaints regarding the "Covered Ladders," while Interrogatory No. 24 seeks all communications between itself and any seller of the "Covered Ladders." Defendant contends that Plaintiff is entitled to the communications themselves, not an interrogatory summarizing the communications. (Discovery Letter re Interrogatories at 3.) Plaintiff, in turn, acknowledges that these interrogatories and his RFPs "are two ways of getting the similar information," namely the communications. (*Id.* at 2.)

Because these interrogatories are duplicative of information that Plaintiff seeks in the RFPs, a response to the interrogatories is not required **if** Plaintiff obtains the requested information through the RFPs. *See Cooley v. City of Vallejo*, No. 2:12-cv-0591 LKK AC P, 2013 U.S. Dist. LEXIS 155175, at *31 (E.D. Cal. Oct. 29, 2013) (requiring no further interrogatory responses "[b]ecause further information regarding these incidents will be produced to plaintiff by way of document production, these interrogatories are largely duplicative").

Interrogatory No. 25 seeks the identity of all individuals who were responsible for monitoring complaints or made decisions regarding whether to allow or ban the sale of "Covered Ladders." (Discovery Letter re Interrogatories at 5.) Plaintiff provides no information for why this information is required or within the scope of the discovery articulated by the presiding judge, and thus fails to satisfy his burden of demonstrating that the request is proportionate to the needs of this case. No further response is required.

**D. Discovery Letter re RFPs**

Again, the Court is unable to determine whether the RFPs at issue are reasonable given the failure to provide specific arguments as to each RFP. Accordingly, the Court ORDERS the parties

to meet and confer, and offers the following guidance.

RFP No. 37 seeks documents sufficient to identify every ASIN for "Covered Ladders." The presiding judge previously found that Plaintiff's proposed discovery, which included this request, was overbroad.

RFP Nos. 38-42 seek complaints, including customer reviews flagged for safety concerns, Andon cord pull records, Heartbeat System entries and narratives, return records citing safety or failure, and seller communications regarding injuries or defects pertaining to "Covered Ladders." Plaintiff further explains that Andon Cord is a mechanism for customer service to escalate customer-reported issues, whereas the Heartbeat System is the system used to gather customer reviews and feedback. Such information appears to be the type of discovery contemplated by the presiding judge.

RFP No. 43 seeks internal investigations, safety reviews, or risk assessments relating to the Covered Ladders. To the extent these investigations, reviews, or risk assessments were in response to complaints or other notice regarding safety issues, such documents would appear discoverable. If Defendant believes documents are covered by attorney-client privilege or work product privilege, they should produce a privilege log.

RFP No. 47 concerns testing done by Defendant regarding expert analysis comparing the subject ladder to the covered ladders. This appears to fall outside the scope of the discovery permitted by the presiding judge, as it does not concern communications or notice of safety issues outside of this lawsuit. Further, such testing would seem to fall squarely within work product privilege.

RFP Nos. 48 seeks documents relating to the Heartbeat System and the "Covered Ladders." Defendant states that it will produce documents for "a reasonable period centered around the subject incident." Defendant should produce responsive documents that relate to the "Covered Ladders," as defined by this Court.

If the parties are unable to resolve any remaining disputes, the parties shall file a discovery letter (or letters) that comply fully with the Court's standing order.

///

United States District Court
Northern District of California

This order disposes of Dkt. Nos. 117, 119, and 120.

IT IS SO ORDERED.

Dated: August 14, 2026

KANDIS A. WESTMORE
United States Magistrate Judge